JOHN GOLJA, SR., as Administrator, etc., of JOHN GOLJA, JR., Deceased, Appellant, Respondent, *v.* WARD DAVIS, Defendant, Impleaded with DAVID BARCOMB and MACK INTERNATIONAL MOTOR TRUCK CORPORATION, Respondents, Appellants.

Order setting aside the verdict and directing a new trial reversed, on the law and facts, and order denying a dismissal of the complaint affirmed, with costs, and the verdict reinstated.

Hill, P. J., Crapser and Heffernan, JJ., concur; Schenck, J., dissents, with an opinion.

SCHENCK, J. (dissenting). The conclusion reached by the jury that the stopping of the truck along the side of the highway during an emergency away from the wrecked car could have been foreseen by any reasonably careful and prudent person as a contributing cause to a collision by a car coming in the opposite direction is so inherently improbable and so strongly against common and ordinary experience that the verdict should not stand. It is, moreover, overwhelmingly improbable that in fact the stopping of this truck in this case actually did contribute to the occurrence of this accident. The distinction drawn by the jury between the driver who actually killed the decedent and who lived in the locality of Schoharie county and who was exonerated by the jury of all blame in connection with the accident and the corporation owning the truck coming from outside of the county

and obviously the only financially responsible defendant is not justified by the record and is so patently unfair as to suggest that the jury gave something less than impartial treatment to the rights of the corporate defendant. The strong improbability of any actual negligence by the operator of the truck in stopping it where he did, and the nature of the result reached require that, in the interests of impartial administration of justice, this verdict should be set aside and a new trial had.

Order setting aside the verdict and directing a new trial should be affirmed.